FLYUM v. ALASKA PACKERS' ASS'N et al.

(Third Division.   Valdez.   November 19, 1914.)

No. S/50.

1. ASSUMPSIT, ACTION OF ⊚⟶1—QUANTUM MERUIT—WORK AND LA-
   BOR.
   There are two kinds of actions or suits for the recovery of
   money for wages or materials furnished. One is on an express
   contract, where the amount claimed to be due is agreed upon
   by both parties; the other is quantum meruit, where the plain-
   tiff claims that he performed services or furnished materials of
   a certain value, and that, in the absence of any express contract
   or agreement, he is entitled to recover that value.

2. CONTRACTS ⊚⟶319(1)—PERFORMANCE IN PART.
   Plaintiff brought suit against the defendant, alleging that he
   worked for defendant as laborer for 30 days at an agreed rate
   of $3 per day; that he worked 14 days fishing on Bering Sea,
   and caught 8,300 fish at 3½ cents per fish, and 10 king salmon
   at 10 cents per fish, making a total of $291.40. It appeared the
   price of fish caught by the fishermen on Bristol Bay was fixed
   by a written contract and custom based thereon, whereby the
   fishermen aid in bringing the vessel from San Francisco, load-
   ing and unloading her, and the performance of other work,
   which the plaintiff did not perform. Held, he cannot adopt such
   parts of the custom and contract as is advantageous to him, and
   reject the part advantageous to the defendant. Having failed to
   comply with the contract and custom, he cannot recover under
   its provisions, but is allowed the full time he worked at the
   agreed wage per day.

The plaintiff, Alick Flyum, brought this case in the com-
missioner's court for the Kvichak precinct in August, 1914,
to recover wages. . Plaintiff alleges in his complaint that he
worked for defendant as a laborer 30 days, for which defend-
ant promised and agreed to pay him $3 per day; that he also
worked 14 days catching fish; that during that time he caught
8,300 fish at 3½ cents, amounting to $290.50, and 10 king
salmon at 10 cents each, making a total of $291.40. The com-
plaint is very informally drawn, and states really two causes
of action—one on a contract for $90, and the other on quan-
tum meruit for $291.40.

J. Lindley Green, of Seward, for plaintiff.
L. V. Ray, of Seward, for defendants.

BROWN, District Judge.  There are two kinds of actions or suits for the recovery of money for wages or material furnished:  One is on an express contract, where the amount claimed to be due is agreed upon by both parties.  The other is a quantum meruit, where the plaintiff claims that he performed service or furnished materials of a certain value, and that, in the absence of any express contract or agreement, he is entitled to recover that value.

In this case the plaintiff proceeded on the theory that he is entitled to this sum of $291.40, because the 14 days' labor that he performed for defendant was worth that amount. This claim for fish would, if allowed, mean that the plaintiff, in the absence of any agreement or contract, was entitled to recover wages at the rate of $20.80 per day.

Plaintiff claims that he took the place of another fisherman, who was taken sick, while doing this 14 days' work as a fisherman, and this is the price per fish that the fisherman was to get.

The defendant, a corporation, conducting a large cannery on Bristol Bay, shows by its testimony that it enters into a contract with its fishermen—that is, those who catch the salmon during the running season—whereby the fishermen, leaving San Francisco in the spring of each year, go on the vessels of the defendant company from San Francisco to Naknek, or vicinity; that they serve as sailors or help on the voyage from San Francisco to Naknek, Alaska, and also on return voyage, for which they receive $100, which is known as run money; that upon the arrival of the vessel at Naknek they work unloading cargo, or whatever work may be assigned them, until the fishing season begins, which fishing season lasts some 30 or 40 days.  At the end of the run of fish, they perform other work, getting up boats, loading cases of salmon on the vessels, and whatever service is required of them, until the vessel is ready to sail.

They receive this amount per fish, 3½ cents, for the kind of salmon caught by plaintiff, as total compensation, from the time they leave San Francisco until they get back there, excepting the additional sum of $100 run money as above stated.

In addition to the above stipulation as to fishermen going from San Francisco and returning, there is a provision in said

contract as to fishermen wintering in the Bristol Bay district in Alaska, as follows:

Section 4: Gill net fishermen wintering in Bristol Bay district shall not receive the above-mentioned wages of $100.00 for the run, but shall receive the sum of $50.00 in addition to the regular compensation for salmon caught and delivered as per above schedule and following conditions. The work of these men for these wages is *to begin with the arrival of the first vessel at the station and to cease with the departure of the last vessel. Men to be paid off after last vessel is loaded.*

There is a further provision in this contract, to wit, section 6, as follows:

Section 6: If any fishermen, beachmen or trapmen are put to work on the construction of new buildings, extensions to buildings, * * * before or after the fishing time, such men shall be paid extra compensation at the rate of $3.00 per man per day. * * * The balance of these earnings to be divided equally between all the fishermen, beachmen and trapmen attached to the cannery.

Under this section, if the plaintiff was entitled to fisherman's compensation under this contract, the $90 which he earned for work on shore would be equally divided among the fishermen, beachmen, and trapmen attached to the cannery.

Section 20 of said contract provides:

Any man who quits work before the end of the season shall be paid at the rate of $40.00 per month for actual time of service, in lieu of all other compensation.

It seems, at the close of the run of fish, the plaintiff quit work and demanded a settlement of defendant, claiming $90 for the 30 days' work ashore and $291.40 for the fish caught by him during the 14 days.

The contract introduced in evidence by the defendant would not ordinarily be admissible in evidence, as no express contract is claimed to have been entered into between the plaintiff and defendant as a price for the catching of fish, but inasmuch as the plaintiff claims, not that his labor was worth $20.80 per day, but that he was entitled to said compensation by reason of being a fisherman, that every fisherman got that amount, this contract is admissible as showing what the facts were relative to such fishermen's wages. The plaintiff cannot choose to adopt such portions of the custom or practice

or rate agreed upon between the fishermen and the defendant company as redound to his benefit and reject such portions as are against his interest. Suing here for the value of his services, it is clearly competent to show how this value is arrived at, and it seems plain that it is only by reason of the extra work done by fishermen, both before and after the short period that the fish actually run, that they are paid the above-mentioned price for fish.

The plaintiff wintered at Bristol Bay and did not go up on the vessel from San Francisco. He did not go to work upon the arrival of the vessels at the cannery, and therefore did not perform the additional work required of a fisherman before the fish began to run.

The defendant's superintendent, Mr. J. C. Bell, testified that he offered to settle with the plaintiff by paying him the $291.40 for the fish caught, $50 for run money, under section 4 of said contract, and fisherman's average at the cannery up to the time he commenced fishing, which meant that the $90 he had previously earned on beach work would be divided among the hundred fishermen at the cannery, at the rate of 90 cents per man, in accordance with section 6 of said contract, provided the plaintiff performed 20 days' labor loading ships. This the plaintiff refused to accept, and refused to perform the additional 20 days' labor.

Mr. Bell's testimony shows that about 35 days is the time required in the work of loading vessels and closing up the work after the run of fish ceases, and that he offered to settle with plaintiff for 20 days of such work as being about the proportion which the 14 days' fishing done by plaintiff bears to the whole fishing season of 35 to 40 days.

The court has no power to make contracts for people. It can only take the agreements of parties as it finds them. The plaintiff had no contract for the express amount to be paid him for the fish, and relied upon the rate which the fishermen received under the above-mentioned contract. It would seem that the plaintiff was very ill advised in not accepting the proposition of settlement made him by the defendant through its superintendent and doing the 20 days' work after the fishing season was over. As it is now, he cannot claim that the value of his services amounted to $20.80 per day during the time he was fishing, because there is no evidence in the case

at all to justify such a claim, and plaintiff did not make any such claim.

I find nothing unconscionable or one-sided about the above contract, and consider it a very fair and liberal one. Plaintiff, however, was not a party to this contract, and was not bound by its terms, nor can he come in under its terms, claiming its benefits, while refusing to recognize its obligations on his part to be performed. There is no evidence from which, outside of this contract, I can determine what would be the reasonable value of his services for fishing, and am therefore constrained to find that the plaintiff, having begun to work for defendant at an agreed rate, to wit, $3 per day and board, is entitled only to this amount during all the time that he worked for defendant, no matter whether the work was carpenter work, painting or other labor while ashore, or in a boat as a fisherman.

Plaintiff, therefore, will be entitled to recover for his wages from defendant 44 days' labor at $3 per day.